## SPIDE CURTION v. STATE

No. A-5271.   Opinion Filed Oct. 27, 1925.
(240 Pac. 142 )

E. G. Avery and Frank R. Burns, for plaintiff in error.

The Attorney General, for the state.

DOYLE, J.   Plaintiff in error, Spide Curtion, was convicted on an information charging that in Ottawa county, on or about the 10th of May, 1924, he did transport about one gallon of whisky from a point unknown in Ottawa county to the apartment house of J. S. Amplett, in Quapaw, Ottawa county, and, in accordance with the verdict of the jury, he was sentenced to pay a fine of $50 and be confined in the county jail for 30 days.   From the judgment he appeals, and assigns as error the insufficiency of the evidence to support the verdict, and that the court erred in the instructions given.

The state relied for this conviction upon the testimony of two witnesses.

Laura Allen Reynolds testified:   That she saw the defendant and four men drive up in front of her place in an automobile and the defendant and one of the men got out of the car, each carrying a gallon jug.   That they went around to the rear of the building, and a few minutes later she heard some one go into defendant's room.

Lou Morris, deputy sheriff, testified:   That he saw the defendant, on the date alleged, in the hallway of the Amplett rooming house, and the defendant broke a bottle of whisky on the floor, saying, "I didn't want you to get that on me."   Then he arrested the defendant.   That a man named Pat Howser was with defendant.

This was all the evidence in the case.   Defendant did not testify.   When the jury find the verdict of guilty, which is approved by the trial court in overruling a motion for a new trial, and there is evidence in the record which sus-

tains the verdict, it will not be set aside, in the absence of prejudicial error. We think the evidence of the defendant's guilt was ample to justify the verdict, and we find that the instructions fairly state the law applicable to the case.

The criminal laws of the state must be enforced, and, if it is not already understood, it is high time it should be, that where a case is clearly made out against the defendant, and the jury have so found, this court will not reverse for a mere technical error, which it can see could not have affected the result.

The judgment of the lower court is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.